Mathew K. Higbee, Esq., SBN #24076924
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>              Plaintiff,<br><br>v.<br><br>ALL BLACK MEDIA DIGITAL, INC.;<br>and DOES 1 through 10 inclusive,<br><br>              Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Sadowski, for his Complaint against All Black Media Digital, Inc., Defendant, alleges as follows:

## INTRODUCTION

1.  Christopher Sadowski (hereinafter "Plaintiff" or "Sadowski"), by counsel, brings this action to challenge the actions of All Black Media Digital, Inc. (hereinafter "Defendant"), with regard to the unlawful use of copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff

damages.

2.     For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3.     This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the defendant violated plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State of Texas, Defendant is a business entity incorporated in the State of Texas, Defendant's acts of infringement complained of herein occurred in the State of Texas, and Defendant has caused injury to Plaintiff in his intellectual property within the State of Texas.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is

also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides, committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

7.     Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski") is a professional photographer by trade residing in the City of Hawthorne in the State of New Jersey.

8.     Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, and 106A.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity operating from the City of San Antonio, in the State of Texas, and has conducted business within the City of San Antonio, in the State of Texas at: 110 E Houston St., San Antonio, TX 78205. *See* https://allblackmedia.com/terms-of-service/ for Defendant's contact information.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiff was an individual residing within the State of New Jersey.

12.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity conducting business in the State of Texas and in this judicial district.

13.    Plaintiff Christopher Sadowski is a professional photographer by trade.  Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, The Daily Mail, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, USA Today, The Wall Street Journal, Fox News, NBC News, MSNBC, Inside Edition, and TMZ.

14.    Plaintiff is the sole author and exclusive rights holder to a photograph of a candidate for New York Senate being transported and arrested for grand larceny (the "Image").  A true and correct copy of the original Image is attached hereto as Exhibit A.

15.    Plaintiff has registered the Image with the United States Copyright Office under registration number VA 2-026-489.

16.    The Image originally appeared in an article by the New York Post (the "Post") on October 14, 2016, titled *GOP state senate candidate charged with rent scam* (the "Post Article").  A true and correct copy of the Post Article is attached hereto as Exhibit B.

17.    The Post Article included a credit below the bottom left corner

attributing the Image to Sadowski.  *See* Exhibit B.

18.     On or about December 31, 2016, Sadowski discoved that Defendant had used the Image in an article on its Website titled *GOP Candidate Who Offered Chicken and Watermelon to Black Community Arrested for NY Rental Scam* (the "Infringing Article"), excluding the credit given to Sadowski.  True and correct screenshots of the Infringing Article are attached hereto as Exhibit C.

19.     On information and belief, Defendant made an unauthorized copy of Sadowski's Images taken from the Post Article, and uploaded them to the server for Defendant's Websites.

20.     Sadowski never authorized Defendant to use the Images in any manner.

21.     On information and belief, Defendant knew that it did not have permission to use the Images on Defendant's Website and willfully infringed Sadowski's Images.

22.     On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Images on Defendant's Website.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**Title 17 of the United States Code**

23.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

24.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

25.     Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted work in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

26.     As a result of each and every Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

27.     As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502

## SECOND CAUSE OF ACTION
### FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     On information and belief, Defendant knew that Plaintiff created the Images because, *inter alia*, the source of the Images, i.e. the Post Article, specifically attributed the Image to Plaintiff.

31.     Defendant intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Images or had legitimately licensed it for use in the Infringing Article.

32.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

33.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

34.     Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or

alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

35.    Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

36.    In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all

copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: October 31, 2018                    Respectfully submitted,

                                           /s/ Mathew K. Higbee, Esq.
                                           Mathew K. Higbee, Esq.
                                           Texas Bar No. 24076924
                                           HIGBEE & ASSOCIATES
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8350
                                           (714) 597-6729 facsimile
                                           *Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: October 31, 2018                    Respectfully submitted,


<u>/s/ Mathew K. Higbee, Esq.</u>
Mathew K. Higbee, Esq.
Texas Bar No. 24076924
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*